IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDREW QUINN,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF HEALTH
& HUMAN SERVICES, et al.,

    Defendants.

Case No. 23-cv-2254-JWB-TJJ

## ORDER AND REPORT AND RECOMMENDATION

    Andrew Quinn, proceeding *pro se,* filed this action against the United States Department of Health & Human Services, Boost Mobile, the United States Attorney's Office for District of Kansas (Kansas City, Kansas Office), the Wyandotte County, Kansas, Sherriff's Office, the United States Department of Justice, the Kansas City, Kansas, Police Department, the Douglas County, Kansas, Sheriff's Office, the United States Attorney's Office for Western District of Missouri, Total by Verizon, the United States Attorney's Office for District of Kansas (Topeka, Kansas Office), the Unified Government of Wyandotte County/Kansas City, Kansas, the Wyandotte County, Kansas Court Services, the State of Kansas Department for Children and Families, Walmart Stores, Inc., Johnson County, Kansas, District Attorney's Office, and Wyandotte County, Kansas, District Attorney's Office alleging a violation of 28 U.S.C. § 1343 stemming from an invasion of privacy in the form of phone tapping.[1] This matter comes before the Court on Plaintiff's Motion to Proceed Without Prepayment of Fees (*in forma pauperis*) (ECF No. 3).

---

[1] Complaint at 3 (ECF No. 1).

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit…[if] the person is unable to pay such fees or give security therefor."[2] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under section 1915 lies within the "wide discretion" of the trial court.[3]

Based on the information contained in his Affidavit of Financial Status (ECF No. 3-1), Plaintiff has shown a financial inability to pay the required filing fee. Plaintiff currently is not and has not been employed, and he claims $0 in income.[4] Plaintiff also claims total monthly expenses of $0.[5] Because Plaintiff claims he receives no income and does not indicate he has cash on hand, the Court finds Plaintiff has insufficient financial resources to pay the filing fee.

However, when a party seeks to proceed without the prepayment of fees, § 1915 requires the court to screen the party's complaint. The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing

---

[2] 28 U.S.C. § 1915(a)(1).

[3] *Lister v. Dept. of Treas.*, 408 F.3d 1309, 1313 (10th Cir. 2005) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004)).

[4] Aff. Fin. Stat. at 2, ECF No. 3-1.

[5] *Id.* at 5.

suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[6] Because Plaintiff proceeds pro se, his pleadings are liberally construed.[7] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[8]

Accepting the allegations of the complaint as true and construing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Here, Plaintiff alleges Defendants "tap my phone and hack into it."[9] Plaintiff claims federal court jurisdiction under 28 U.S.C. § 1343 for violation of his civil rights, specifically "invasion of privacy." The undersigned concludes there is an insufficient factual basis in the Complaint to raise a right to relief above the speculative level.

By failing to adequately plead, Plaintiff has failed to state a claim upon which relief may be granted as to his claims against the United States Department of Health & Human Services, Boost Mobile, the United States Attorney's Office for District of Kansas (Kansas City, Kansas Office), the Wyandotte County, Kansas, Sherriff's Office, the United States Department of

---

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Id.*

[9] Complaint at 3 (ECF No. 1).

Justice, the Kansas City, Kansas, Police Department, the Douglas County, Kansas, Sheriff's Office, the United States Attorney's Office for Western District of Missouri, Total by Verizon, the United States Attorney's Office for District of Kansas (Topeka, Kansas Office), the Unified Government of Wyandotte County/Kansas City, Kansas, the Wyandotte County, Kansas Court Services, the State of Kansas Department for Children and Families, Walmart Stores, Inc., Johnson County, Kansas, District Attorney's Office, and Wyandotte County, Kansas, District Attorney's Office.

Accordingly, the undersigned U.S. Magistrate Judge recommends that Judge Broomes **DISMISS** this action for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the recommended disposition. If plaintiff does not timely file his objections, no court will allow appellate review.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) is granted, but the Court withholds service of process pending Judge Broomes' § 1915 review of Plaintiff's Complaint.

A copy of this report and recommendation shall be mailed to plaintiff.

IT IS SO ORDERED.

Dated this 13th day of June, 2023, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge